IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JANET S. MARKLEY, BAR NO. 4009

No. 80381

FILED

APR 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER APPROVING CONDITIONAL GUILTY PLEA*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Janet S. Markley. Under the agreement, Markley admitted to violating RPC 1.15 (safekeeping property) and RPC 8.1 (disciplinary matters) and agreed to a one-year suspension and the payment of restitution.

Markley has admitted to the facts and violations as part of her guilty plea agreement. Thus, the record establishes that Markley violated RPC 1.15 (safekeeping property) by having her trust account balance drop below $200 when she should have been holding $42,750 in the account for the payment of a client's medical liens. This misconduct was due in part to Markley leaving signed trust account checks with her office staff while she was out of the office, which her staff utilized to pay office expenses. Additionally, Markley violated RPC 8.1 (disciplinary matters) by failing to respond to the State Bar's requests for information.

The issue for this court is whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *See*

20-15457

*State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Markley admitted to knowingly violating a duty owed to her clients (safekeeping property) and a duty owed to the profession (responding to State Bar inquiries). Her client suffered actual or potential injury because the client's lienholders were not paid. As the panel found, the baseline sanction for such misconduct, before considering aggravating or mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when "a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"). The record supports the panel's findings of one aggravating circumstance (substantial experience in the practice of law) and three mitigating circumstances (absence of a prior disciplinary records, personal or emotional problems, and remorse). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney Janet S. Markley from the practice of law for one year commencing from the date of this order. Markley shall pay restitution in the amount of $42,750 in the Melissa Strawder-McCurry matter. Lastly, Markley shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days

from the date of this order, if she has not done so already. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc: Chair, Southern Nevada Disciplinary Board
Law Offices of Janet S. Markley
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court